UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT A. SCHAEFER,

    Plaintiff,

v.     Case No. 8:25-cv-2107-TPB-NHA

JUDGE JOEL D. FRITTON, et al.,

    Defendants.
_____/

### ORDER DISMISSING COMPLAINT

This matter is before the Court *sua sponte* on the "complaint" filed by Plaintiff Robert A. Schaefer.[1] In his complaint, Plaintiff appears to sue Defendants Judge Joel D. Fritton, Assistant Public Defender James Dozier, and the "entire office" of the state prosecutor for alleged constitutional violations stemming from a pending criminal prosecution in the Fifth Judicial Circuit Court in and for Citrus County, Florida.[2] He appears to specifically claim that his rights under the Fifth, Sixth, Ninth, and Fourteenth Amendments have been violated by Judge Fritton's involvement in the ongoing prosecution despite Judge Fritton's involvement in a

---

[1] The Court notes that it is not clear that Plaintiff actually intended to file this complaint in an independent civil case. The first two pages of the "complaint" reflects that it is intended for filing with the Florida Judicial Qualifications Commission or Florida Bar, and it is intended to be a "formal complaint" regarding alleged judicial misconduct and legal malfeasance. Other pages of the document reflect that it is a complaint with the Department of Justice demanding a federal investigation into the ongoing proceedings. But because he also includes pages that may reflect an intention to file an independent federal lawsuit, the Court will consider his § 1983 claims.

[2] It appears that Plaintiff has been charged with possession of a firearm by a felon (a second-degree felony) and resisting a law enforcement officer without violence (a first-degree misdemeanor). *See State of Florida v. Robert Alan Schaefer*, 2025 CF 000092 A (Fla. 5th Jud. Cir. 2025). It further appears that a jury trial has been set for August 11, 2025. *See id.*

separate prior conviction, Assistant Public Defender Dozier's failure to file critical motions and protect Plaintiff's rights, and the Office of the State Attorney's prosecution based on "disputed and unverified evidence." Plaintiff attempts to assert claims his claims under 42 U.S.C. § 1983.

### *Judicial Immunity*

Plaintiff sues Judge Fritton claiming that Judge Fritton has violated Plaintiff's constitutional rights by, among other things, allowing the case to proceed and failing to rule on a motion to disqualify himself from the state court proceedings.

As the Eleventh Circuit explained:

> "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citations omitted). Judges are also generally immune from injunctive and declaratory relief unless (1) a declaratory decree was violated or (2) declaratory relief is unavailable. *Id.* at 1242. "A judge enjoys immunity for judicial acts regardless of whether he made a mistake, acted maliciously, or exceeded his authority." *McCullough v. Finley*, 907 F.3d 1324, 1331 (11th Cir. 2018).

*McCree v. Griffin*, No. 19-14646-A, 2020 WL 2632329, at *1 (11th Cir. May 20, 2020). Importantly, "judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

Considering the allegations in the complaint, the Court finds that Judge Fritton is entitled to absolute judicial immunity. *See, e.g., McCree*, 2020 WL

2632329, at *1-2 (holding that judge was entitled to absolute judicial immunity from injunctive relief and money damages where plaintiff alleged that judge violated his constitutional rights by arbitrarily denying motion); *Bolin*, 225 F.3d at 1239-40 (holding that federal judges are entitled to absolute judicial immunity from injunctive relief and money damages for acts taken in their judicial capacity unless jurisdiction is clearly absent); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (explaining that judge will not be deprived of immunity even if action was in error, done maliciously, or in excess of his authority, and he is only subject to liability in the clear absence of all jurisdiction). Because Plaintiff's allegations emanate from actions taken (or not taken) by Judge Fritton in his official judicial capacity during proceedings over which he had jurisdiction, he is absolutely immune from civil liability. Consequently, the claims against Judge Fritton are dismissed with prejudice.

### *Younger Abstention*

In each of Plaintiff's claims, he essentially asks the Court to intervene in ongoing state court proceedings. He specifically requests (1) a declaration that Defendants violated Plaintiff's constitutional rights; (2) injunctive relief preventing further prosecution; (3) an order requiring return or discharge of a financial bond; (4) dismissal of all charges against him; (5) immediate federal oversight of Citrus County judicial handling; and (6) any further equitable relief. The Court declines to intervene under the *Younger* abstention doctrine.

Under the *Younger* abstention doctrine, "federal courts ordinarily must refrain from deciding the merits of a case when (1) there is a pending state judicial

proceeding; (2) the proceeding implicates important state interests; and (3) the parties have an adequate opportunity to raise any constitutional claims in the state proceeding." *See Newsome v. Broward Cty. Pub. Defenders*, 304 F. App'x 814, 816 (11th Cir. 2008) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Upon consideration of these factors, the Court finds that abstention is warranted.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Plaintiff's claims against Judge Fritton are **DISMISSED WITH PREJUDICE**.
2. Plaintiff's other claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.
3. The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 8th day of August, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE